IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMAL DERRICK HUDSON | § | |
| v. | § | CIVIL ACTION NO. 5:17cv161 |
| WARDEN EDGE | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jamal Derrick Hudson, an inmate confined at the Federal Correctional Complex located in Texarkana, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket No. 1.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be dismissed. Docket No. 2. The Court has received and considered the Report and Recommendation of the Magistrate Judge, along with the record, pleadings and all available evidence.

Petitioner filed objections to the Magistrate Judge's Report and Recommendation. Docket No. 4. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After thorough consideration of the pleadings, the Court concludes Petitioner's objections should be overruled.

### Objections and Analysis

*I.    Denial of a Fair Trial*

Petitioner asserts he did not receive a fair trial because he was tried and convicted on a legal holiday. Petitioner attempts to rely on the old common law rule of *dies non juridicus* to claim that his conviction on a legal holiday, Veteran's Day, was unlawful.[1] Petitioner complains that no court has yet addressed his legal holiday issue. However, as the Magistrate Judge explained, Petitioner

---

[1] The common law rule "*dies non juridicus . . .* means only that judicial acts performed on Sunday are void." *See Swiss Bank Corp. v. Dresser Industries, Inc.*, 141 F.3d 689, 693 (7th Cir. 1998). "[T]he extension of the rule to Saturdays or other legal holidays would be absurd." *Id.*

does not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Therefore, a petition for writ of habeas corpus under § 2241 is not the proper avenue for Petitioner to have his argument addressed.[2]

As the Magistrate Judge correctly determined, the primary means for collaterally attacking a federal conviction and sentence is by filing a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). However, a prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A petition for writ of habeas corpus under 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence under 28 U.S.C. § 2255, and Petitioner has failed to satisfy his burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255. *See Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). Petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required to proceed under Section 2241 under the savings clause of Section 2255. *See Reyes-Requena*, 243 F.3d at 904.

Lastly, Petitioner cites to *Waley v. Johnston*, 316 U.S. 101 (1942), in support of his position. Docket No. 1 at 2. However, Petitioner provides no analysis as to how or why *Waley* is applicable to this case. In *Waley*, the petitioner, Harmon Metz Waley, had sought a writ of habeas corpus in the district court, "alleging upon oath that he had been cocerced, by intimidation and threats by an agent of the Federal Bureau of Investigation, to plead guilty to an indictment for kidnapping." *Waley*, 316 U.S. at 102. However, "[t]he district court denied the application for the writ without hearing evidence and without directing the production of the prisoner in court." *Id.* at 103. The Ninth Circuit affirmed. *Id*. Ultimately, the Supreme Court vacated the judgment and remanded for a hearing, explaining that Waley's claims had at least entitled him to a hearing under *Walker v. Johnston*, 312 U.S. 275 (1941). *Waley*, 316 U.S. at 105.

---

[2] Because Petitioner was convicted in the Eastern District of Louisiana, this Court is without jurisdiction to entertain a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Here, Petioner's claims are very different from Waley's. Petitioner argues that the last day of his jury trial was held on Veteran's Day, 2011. In contrast, Waley had argued he was coerced and intimidated by a federal agent. *Waley*, 316 U.S. at 102. Waley's allegations had significant constitutional implications, as the *Waley* court observed: "If the allegations are found to be true, petitioner's constitutional rights were infringed. For a conviction on a plea of guilty coerced by a federal law enforcement officer is no more consistent with due process than a conviction supported by a coerced confession." *Id.* at 104. Thus, *Waley* bears little relevance to this case. Accordingly, Petitioner's objections are **OVERRULED**.

  II.  *Certificate of Appealability*

Finally, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## Order

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 25th day of June, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE